UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

HEBERTH URREA,

    Plaintiff,

                        CASE NO.:

v.

ACE AMERICAN INSURANCE
COMPANY, a foreign corporation

    Defendant.

_____

## DEFENDANT, ACE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Petitioner/Defendant, ACE American Insurance Company ("AAIC"), by and through undersigned counsel, and pursuant to 28 U.S.C. §1441, respectfully petitions this Court for the removal of the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. In support of this Petition, AAIC states as follows:

1.    On or about July 30, 2012, Plaintiff filed the present Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, case number 12021353, in which Plaintiff seeks to recover medical and disability benefits under an accident and health policy allegedly issued by AAIC. See Plaintiff's Complaint attached hereto as Exhibit "A".

2. The Plaintiff's Complaint was served upon AAIC on August 3, 2012. *See* Exhibit "A", Notice of Service of Process.

3. In his Complaint, Plaintiff alleges that he is a resident of Broward County Florida. *See* ¶ 2 of Exhibit "A".

4. AAIC is an insurance company organized and existing under the laws of the State of Pennsylvania. AAIC's principal place of business is Philadelphia, Pennsylvania. Therefore, AAIC is considered a citizen of the State of Pennsylvania. *See* Florida Department of State, Division of Corporations print out attached hereto as Exhibit "B". Additionally, in his Complaint, Plaintiff alleges that AAIC is "a foreign corporation". *See* Exhibit "A" at ¶ 3.

5. On information and belief, the amount in controversy in the present action exceeds $75,000, as Plaintiff is seeking to recover medical and temporary and permanent disability benefits as well as attorney's fees which more likely than not total in excess of the amount in controversy jurisdictional limits of this Court.

6. In accordance with 28 U.S.C. §1446(a), AAIC's Notice of Removal has been filed within thirty days of their being served with Plaintiff's Complaint.

7. True and legible copies of all "process, pleadings, and orders" served upon AAIC in this action are submitted herewith, as required by 28 U.S.C. §1446(a). *See* Exhibit "A".

8. AAIC has paid the removal fee contemporaneously with the filing of this Notice of Removal.

**WHEREFORE**, Petitioner/Defendant, ACE American Insurance Company, respectfully requests that the action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

## MEMORANDUM OF LAW

The statutory requirements for removal of the present matter from state court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, have been met. Any civil action brought in state court may be removed by the defendant(s) to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. §1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 121, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. §1441; 28 U.S.C. §1332(a). The matter in controversy must be between citizens of different states. *See* 28 U.S.C. §1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a).

When the subject matter jurisdiction requirements of 28 U.S.C. §1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, the only remaining question is whether the removing

party has satisfied the procedural requirements for removal. According to 28 U.S.C. §1446(b), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." 28 U.S.C. §1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D. Fla. 1993).

The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978). Here, AAIC has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversify of citizenship among the parties. AAIC is the only defendant joined in this matter and Plaintiff admits in his complaint that AAIC is a "foreign corporation". As the state court action was filed in Broward County, Florida circuit court, the removal requirement that none of the served and properly joined defendants can be a citizen of the state where the action is pending is met on the face of the Plaintiff's complaint. Similarly, the Plaintiff's allegations in his Complaint that he is a resident of Broward County, Florida while AAIC is a foreign corporation meets the removal requirement that the plaintiff and the defendant be citizens of different states. The final non-procedural requirement which must be met in order to remove a case to Federal court based upon diversity jurisdiction is that the amount in controversy must exceed $75,000, exclusive of interest and costs.

Even though Plaintiff's complaint fails to plead a specific amount of damages being sought in his state court Complaint, a preponderance of the evidence in this matter reflects

4

that, more likely than not, the amount in controversy is in excess of $75,000. In his complaint, Plaintiff alleges that the damages in this action are in excess of $15,000, the minimum jurisdictional limits of the Florida circuit courts. *See* Exhibit "A" at ¶ 1. In this Federal Circuit, where a plaintiff makes an unspecified demand for damages in his state court complaint, a defendant may still remove the action to Federal court by proving, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirements. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The foregoing burden may be met if, despite the Plaintiff's failure to plead a specific amount of damage, it is still "facially apparent" from the pleading itself that the jurisdictional amount has been met or if the removing defendant provides additional evidence that removal is proper. *Id.* Based upon the foregoing standard, AAIC believes in good faith that the amount in controversy exceeds $75,000 in the instant case.

Based upon the allegations of the Plaintiff's Complaint and the provisions of the actual AAIC policy at issue in this case[1], it is evident that the amount in controversy in this case is in excess of $75,000. In his Complaint, Plaintiff alleges that he sustained serious and disabling injuries as a result of a work related incident occurring on or about December 9, 2009 and that AAIC "is indebted to the Plaintiff for medical payments as well as temporary

---

[1] In Paragraph 3 of his Complaint, Plaintiff alleges that AAIC "has underwritten the applicable policies of insurance, policy numbers TOC N04821193 [sic] and REG060170-00. However, only the second of the foregoing policies is attached to Plaintiff's Complaint and that policy appears to have been issued by a company named Regga Insurance Limited, not AAIC. Although Plaintiff's complaint contains an incorrect policy number, AAIC did issue policy number TOC N04821993 to CEVA Freight, LLC under which certain past benefits have been paid to the Plaintiff. A true and correct copy of AAIC policy number is attached hereto as Exhibit "C" and all references made herein to specific policy language are contained therein.

and permanent disability payments from the time of his initial disability forward. *See* Exhibit "A" at ¶s 5, 6 and 10. Plaintiff also alleges that AAIC "is obligated for past and future benefits." *See* Exhibit "A" at ¶ 10. AAIC's policy attached hereto as Exhibit "C" provides for a maximum of $2,000.00 per month in temporary total disability benefits for the first 104 weeks of disability and a maximum of $2,150.00 per month in permanent total disability benefits thereafter, less other income benefits and subject to the terms and conditions of the policy. *See* Exhibit "C" at Pg. 3. The AAIC policy provides for payment of total benefits of up to $1,000,000, including up to $48,000 in temporary total disability benefits, up to $2,150 per month , minus Social Security Disability payments, in permanent disability benefits for as long as Plaintiff's Social Security Disability Award remains in place and up to the full $1,000,000 policy limit for medical expenses. *See* Exhibit "C" at Pg. 3. Prior to the incident which is the subject of this action, Plaintiff earned an average weekly wage of approximately $574.44 per week during 2009, as indicated by Schedule C of the 2009 Form 1040 income tax return submitted by or on behalf of Plaintiff in support of his disability claim. *See* Exhibit "D". The Plaintiff's Complaint has alleged that AAIC is indebted to him for an unspecified amount of past and future medical expenses, as well as total disability benefits beginning on December 9, 2009 and continuing until an unspecified date. The Plaintiff's Complaint also alleges entitlement to recover attorney's fees pursuant to Florida Statute §627.428. Plaintiff was originally represented by the firm of Rosenberg & Rosenberg, P.A. AAIC, through its third party administrator, Gallagher Bassett Services, Inc., first become aware of Rosenberg & Rosenberg's representation of Plaintiff on or about

6

December 15, 2009. Plaintiff is currently represented by Sperry, Shapiro & Kashi, P.A. whose original letter of representation is dated March 15, 2012 and is attached hereto as Exhibit "E". Plaintiff's claim for attorney's fees in this matter may include fees from as early as December 15, 2009 through the conclusion of this litigation and clearly includes attorney's fees incurred from March 15, 2012 through the conclusion of this litigation. A determination of the amount in controversy for purposes of diversity jurisdiction includes these attorney's fees. *Morrison v Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Missouri State Life Ins. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 134 (1933). Under the applicable preponderance of the evidence standard, the allegations of the Plaintiff's complaint and the additional evidence provided herein prove that it is more likely than not that Plaintiff is seeking to recover damages in this matter in excess of $75,000.

Finally, AAIC has complied with all of the procedural requirements, including the time requirements, set forth in 28 U.S.C. §1446(b). AAIC was served with the Plaintiff's Complaint on or about August 3, 2012. This initial pleading is the document setting forth the claim for relief by which AAIC was able to first ascertain that this action was removable. AAIC filed and served the present Notice of Removal within thirty days of its service of Plaintiff's Complaint, making removal timely. Therefore, removal of this action to the present Court is appropriate.

**WHEREFORE**, Petitioner/Defendant, ACE American Insurance Company, respectfully requests that the action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Duval County, Florida, be removed to this Honorable

Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief that this Court deems just and appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to all counsel of record identified on the attached Service List in the manner specified on this 23rd day of August, 2012.

Respectfully Submitted,

MICHAEL T. BILL, ESQ
FL Bar No.: 997722
Young, Bill, Roumbos & Boles, P.A.
P.O. Drawer 1070
Pensacola, Florida 32591-1070
Ph.: (850) 432-2222 ext. 105
Fax: (850) 432-1444
mbill@flalawyer.net
Attorneys for AAIC

## SERVICE LIST

**Heberth Urrea v. ACE American Insurance Company**
**Case No.:**
**United States District Court, Southern District of Florida, Ft. Lauderdale Division**

Attorneys for AAIC Insurance Company

Michael Bill
Young, Bill, Roumbos & Boles, P.A.
P.O Drawer 1070
Pensacola, FL 32591-1070
(850) 432-2222 - Telephone
(850) 432-1444 – Facsimile
mbill@flalawyer.net

Attorneys for Heberth Urrea

Martin J. Sperry
Sperry, Shapiro & Kashi, P.A.
1776 North Pine Island Road, Ste. 324
Plantation, FL 33322
(954) 423-6553 – Telephone
(954) 423-6833 – Facsimile