UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61642-CIV-DIMITROULEAS

HERBERTH URREA,

    Plaintiff,

vs.

ACE AMERICA INSURANCE COMPANY,
a foreign corporaton,

    Defendant.
_____/

## ORDER GRANTING AMENDED MOTION FOR REMAND; REMANDING ACTION TO STATE COURT

THIS CAUSE is before the Court upon Plaintiff Herberth Urrea's Amended Motion for Remand [DE 12], filed herein on September 11, 2012. The Court has carefully considered the Motion, Defendant Ace America Insurance Company's Response [DE 18], Plaintiff's Reply [DE 22], and is otherwise fully advised in the premises.

### I.  BACKGROUND

On July 30, 2012, Plaintiff Herberth Urrea ("Plaintiff" or "Urrea") filed a Complaint against Defendant Ace America Insurance Company ("Defendant" or "Ace") in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida. Plaintiff's Complaint alleges that Defendant breached the contract of insurance between the parties by rejecting Plaintiff's claim for disability benefits. See Pl.'s Compl. [DE 1-1]. On August 23, 2012, Defendant removed the case to this Court on the basis of diversity jurisdiction. Subsequently, Plaintiff moved to remand the case to state court, arguing that the amount in controversy is well below the

$75,000 jurisdictional amount required.

## II.  DISCUSSION

According to the Amended Complaint [DE 13], Ace issued an occupational accident benefit policy of insurance to Plaintiff, with coverage effective as of June 1, 2003 ("the policy"). See [DE 13] at ¶¶ 3-4.  The purpose of the policy was to compensate the Plaintiff for medical expenses as well as temporary and permanent disability due to injuries on the job. ¶ 5.  Plaintiff filed a timely claim with Defendant claiming disability, injury and medical bills and expenses due to a serious and disabling injury and condition which was initially suffered on December 9, 2009, and which became incapacitating to Plaintiff. ¶ 6.  On March 7, 2012, the claim was rejected by Defendant. ¶ 7.  Plaintiff has suffered and continues to suffer from an occupational injury within the language of the policy issued to him. ¶ 9.  Plaintiff's disability causes him to be unable to perform the duties of his occupation and has rendered him disabled under the terms of the policy. ¶ 10.  Defendant, under the terms of its contract of insurance is indebted to the Plaintiff for temporary and permanent disability payments from the time of his initial disability forward. ¶ 10.  Defendant is obligated for past and future payments. ¶ 10.  Payment was to commence from Plaintiff being granted Social Security Disability Benefits. ¶ 10.  Defendant has failed in and has refused to honor its obligation under the policy of insurance issued to the Plaintiff. ¶ 11.  Plaintiff  demands judgment against Defendant for all contract benefits, plus interest, costs and attorney's fees pursuant to Florida Statutes, Section 627.428 and 57.105. [DE 13] at p. 3.

In the instant motion, Plaintiff moves to remand his case to state court on the grounds that removal to federal court was improper because the $75,000 amount in controversy threshold has

not been satisfied. Plaintiff does not dispute diversity of citizenship between the parties, but argues that Defendant has failed to meet its burden of proof with regard to the amount in controversy requirement.

**A.     Jurisdictional Elements**

District courts can exercise removal jurisdiction if they have original jurisdiction over a matter, such as through diversity jurisdiction, and the defendant complies with certain procedural steps. 28 U.S.C. §§ 1441(a), 1446. However, federal courts have limited subject matter jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260 (11th Cir. 2000). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship. See 28 U.S.C. § 1332(a). Diversity of citizenship is not at issue in this case: Plaintiff is a citizen of the State of Florida, Notice of Removal [DE 1] ¶ 3, and Defendant is a Pennsylvania corporation with its primary place of business in Pennsylvania. ¶ 4. Rather, Plaintiff challenges Defendant's ability to remove to the action federal court on the basis of the amount in controversy requirement.

The removing party bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. In addition, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

**B.     Proper Evidence to Consider**

"When the complaint does not claim a specific amount of damages, removal from state

court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319.  The Court can consider evidence outside the four corners of the notice of removal and motion to remand.  See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.").  This evidence may include any documentary evidence on the record.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d. 744, 754-55 (11th Cir. 2010) (holding that Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007) did not bar post-removal evidence from being considered in motions to remand).  However, "'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'"  Sierminski, 216 F.3d at 949 (quoting Allen v. R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

      The Eleventh Circuit in Lowery held that a removing defendant must "show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Lowery, 483 F.3d at 1217.  However, "Lowery was a 'fact-free' case, in which there was no 'concrete information' regarding the value of the claims.  'But Lowery did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible.'" Cashman v. Host Intern., Inc., No. 8:10-cv-1197-T-30MAP, 2010 WL 4659399 at *2 (M.D. Fla. Nov. 9, 2010) (citation omitted) (quoting Pretka, 608 F.3d at 752-53).  In this regard, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d

1058, 1062 (11th Cir. 2010).

C.   **Request for Damages**

Plaintiff demands judgment against Defendant for all contract benefits, plus interest, costs and attorney's fees pursuant to Florida Statutes, Section 627.428 and 57.105. [DE 13] at p. 3. To prove its burden that Plaintiff's claimed damages exceed $75,000, Defendant estimates their value. See [DE 1] at pp. 4-7; [DE 18] at pp. 4, 7-8. Defendant raises three arguments in support of the amount in controversy exceeding $75,000 (disability benefit payments, medical expenses, and attorneys' fees), and the Court will address each in turn.

i.   **Disability benefit payments**

Defendant argues that the policy provides for payment of up to $48,000 for temporary total disability. See [DE 18] at p. 4. However, Plaintiff counters that "this case is not based on a claim for temporary total benefits. They have already been paid." See [DE 22] at p. 2. Accordingly, based upon the Plaintiff's representation that it is not seeking temporary total disability payments in this action, the Court will not consider temporary total disability in determining the amount in controversy.

Next, Defendant argues that the policy provides for payments of permanent disability of up to $2,150 per month minus Plaintiff's Social Security Disability payments ($1,099.00 per month; see [DE 18-2]) until Plaintiff reaches age 70. Under the policy, the average weekly wage (here, $574.44) is multiplied by 4.3 and by 0.7. See [DE 1-3] at 10. From this figure ($1,729.06), the $1,099.00 in monthly Social Security Disability payments is subtracted, resulting in a potential $630.06 per month in permanent disability payments under the policy.

Accordingly, based upon the parties' estimates, Defendant argues that the total potential permanent disability payments payable under the policy in Plaintiff's case would be approximately $ 105,850.82.[1]

However, Plaintiff correctly points out that, except in situations where the contract has been repudiated – which is not alleged to be the case at bar – an action for benefits is limited to the installments that accrued at the institution of the lawsuit. See Aetna Life Ins. Co. v. Smith, 345 So.2d 784, 786-87 (Fla. 4th DCA 1977) (holding trial court erred in instructing the jury that it could return damages for the life of the policy, thus allowing the jury to award future damages). As the court explained in that case,

> A substantial number of jurisdictions have adopted the view that the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action. 44 Am.Jur.2d, Insurance, s 1598. This rule has been followed in Florida. Mutual Life Insurance Co. v. Knight, 130 Fla. 733, 178 So. 898 (1937). A recognized exception may be applicable where there is a repudiation of the entire contract by the insurer, but an insurer's refusal to continue total disability benefits, upon the ground that the insured was not in fact totally disabled, does not amount to a repudiation of the entire contract. This is true even if the insurer is mistaken as to the insured's disability. Mobley v. New York Life Insurance Co., 295 U.S. 632 (1935); 99 A.L.R. 1166.

Aetna Life, 345 So.2d at 787.  See also Amritt v. Pennsylvania Life Ins. Co., 105 F.Supp.2d 1322, 1324 (S.D. Fla. 2000) (relying on Aetna Life and holding no repudiation claim exists as a matter of law where defendant discontinued disability payments to plaintiff on the belief that plaintiff was not disabled, but parties otherwise continue to operate under contract); Field v.

---

[1] In this case, Plaintiff has approximately fourteen (14) years which he may be entitled to permanent disability payments if he is successful in this action.

National Life Ins. Co., 2001 WL 77101, *4 (M.D. Fla. Jan. 22, 2001) ("Where there is no repudiation of the policies, Plaintiff's right of action based on upon Defendant's failure to pay insurance benefits is limited to the installments that have accrued at the institution of the action.").

The Court agrees with Plaintiff that, in the instant breach of contract action, the action is limited to the installments that accrued at the institution of the lawsuit, resulting in a calculation of permanent disability benefits in the amount of approximately $3,150 (5 x $630.06) for the period from March 2012 through July 2012, had Plaintiff qualified for permanent disability benefits during that period.

### ii.     Medical Expenses

Defendant argues that the policy provides for payments of up to the full $1,000,000 policy limit for medical expenses. See [DE 18] at p. 4.  However, Plaintiff counters that no claim for unpaid medical bills and expenses is being claimed by Plaintiff in this action. See [DE 22] at p. 2.[2]  Accordingly, based upon the Plaintiff's representation that it is not seeking medical expenses in this action, the Court will not consider them in determining the amount in controversy.

### iii.    Attorneys' Fees

Third, Defendant argues that, for purposes of calculating the amount in controversy, Plaintiff will likely recover attorney's fees if he ultimately prevails in this action.  In this case,

---

[2] Plaintiff also points out that Defendant has not provided any evidence of outstanding medical bills that have not been paid by the Defendant or that are being claimed by the Plaintiff. See [DE 22] at p. 2.

Plaintiff claims a reasonable attorneys' fee under Florida Statutes, § 627.428.  Normally, "When a statute authorizes a court to award attorney's fees to a prevailing party, the amount in controversy includes consideration of the amount of those fees."  Penalver v. Northen Elec., Inc., 2012 WL 1317621, *3 (S.D. Fla. April 17, 2012) (citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000)).  Therefore, a reasonable amount of attorneys' fees may be included in the amount of controversy.  Plaintiff's attorney filed an affidavit stating that at the time of removal, he had expended 12.8 hours of time in this matter.  See [DE 7-1].[3]

As set forth above, the amount in controversy excluding Plaintiff's claimed attorney's fees is $3,150.  Plaintiff's attorney's fees would thus need to be $71,850 to reach the threshold $75,000 for diversity jurisdiction.  Not only is this figure over twenty times the amount in controversy, but the Court also finds that Defendant has failed to meet its burden of demonstrating by a preponderance of the evidence that this amount in fees is likely in this action.

### III. CONCLUSION

The Court finds Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 and, therefore, grants Plaintiff's Amended Motion to Remand.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Amended Motion for Remand [DE 12] is hereby **GRANTED**;

2.      This case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial

---

[3] Even assuming a rate of $500 per hour, there would have been approximately $6,400 in attorney's fees at the time of removal.

      Circuit in and for Broward County, Florida; the Clerk shall return this case to the Clerk of the Court for the Seventeenth Judicial Circuit in and for Broward County, Florida;

3.     All other pending motions are hereby **DENIED** as moot; and

4.     The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of October, 2012.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record